2015 OK JUD ETH 1

**JUDICIAL ETHICS OPINION 2015-1.**

**No. 2015-1.**

Oklahoma Judicial Ethics Advisory Panel.

April 16, 2015.

**Judicial Ethics Advisory Panel**

*¶ 1 Question:*

May a district judge sit in routine, uncontested probate matters when counsel for the Personal Representative is a child of the judge, and the Personal Representative of the estate consents to the judge acting in the cause?

*¶ 2 Answer:* Yes, with certain restrictions and exceptions.

*¶ 3 Discussion:*

Canon 2, Rule 2

Title 5. Chapter 1, Appendix 4, Section Rule 2.11(A)

> *Disqualification*
>
> "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances":
>
> 2) if a person related to the judge is related within the third degree of relationship to any of them, or the spouse of such a person is "
>
> b. acting as a lawyer in the proceeding "

¶ 4 Title 20, § 1401(a)(b) would allow waiver of recusal if consented to by the parties. It is our opinion that notice of the relation-

ship must always be given to the parties and waiver obtained. We also stress that this applies only to routine and uncontested matters in probate court and such matters a setting of attorney fees and final decrees of distributions (for example) are matters on which recusal should not be sought.

¶ 5 We are not unmindful that being asked to waive recusal puts an undue burden on an attorney who practices regularly before a judge and should not be requested routinely. In our opinion, the better practice would be to limit such requests as much as reasonably possible. We feel that to automatically re-quire a judge to recuse from using uncontested routine orders in a probate proceeding places an undue burden on the court system in a small county where that judge may be the only available judge on a daily basis.

/S/Honorable Milton Craig, Chairman

/S/Honorable Vicki Robertson, Secretary